**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Holtan Holdings, Inc., d/b/a American
Pie Pizza,

                         Plaintiff,

                         Civ. No. 10-2972 (RHK/JJK)
                         **MEMORANDUM OPINION
                         AND ORDER**

v.

American Pie Pizza and Salads, Inc.,

                         Defendant.

---

Robert A. Gust, Kretsch & Gust, PLLC, Edina, Minnesota, for Plaintiff.

Michael R. Gray, Gray Plant Mooty Mooty & Bennett, PA, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

      In this declaratory-judgment action, Plaintiff Holtan Holdings, Inc. d/b/a American Pie Pizza ("Holtan") seeks a declaration that its operations in Minnesota do not infringe the trademark of Defendant American Pie Pizza and Salads, Inc. ("American"). A trademark-infringement action also has been filed by American against Holtan in the United States District Court for the Eastern District of Michigan ("the Michigan Action"). American now asks the Court to dismiss this action for lack of personal jurisdiction or, alternatively, to stay the action or transfer it to the Eastern District of Michigan. For the reasons set forth below, the Court will grant the Motion and dismiss this case for lack of personal jurisdiction.

**BACKGROUND**

The relevant facts are not in dispute. American is a Michigan corporation with its principal place of business in Warren, Michigan. (Kwiatkowski Aff. ¶ 2.) It operates three restaurants in southeastern Michigan. (Id. ¶ 3.) After unsuccessfully attempting to register the AMERICAN PIE service marks in 2007, American acquired the rights to the marks' prior owner, Unihost, Inc., a company operating a restaurant called "American Pie" in Georgia. The agreement between American and Unihost was executed in July 2008 and recorded with the U.S. Patent and Trademark Office on March 17, 2009. American continues to use the mark in connection with its Michigan restaurants. It does not currently do business in Minnesota or any state other than Michigan.

Holtan, on the other hand, is a Minnesota corporation that does business solely in Minnesota. It operates two restaurants located in Richfield and Minnetonka. Both of the restaurants operate under the name "American Pie Pizza."

Believing that Holtan's activities in Minnesota infringed its trademarks, American sent Holtan a cease-and-desist letter at its Richfield address on May 12, 2010. (Def. Ex. A.) The letter directed Holtan to cease using American's registered trademarks, and it instructed Holtan to reply within 10 days to attempt to resolve the matter. (Id.) Holtan's attorney responded on May 28, 2010, indicating that he was investigating the claims and would send "a more complete response" in the "very near future." (Def. Ex. B.) On June 16, 2010, American sent a second cease-and-desist letter to Holtan's attorney, again demanding that Holtan immediately stop using the mark and change the name under which it was operating. (Def. Ex. C.) This second letter stated: "in the event that

compliance is not forthcoming, we will not hesitate to take further legal action to obtain such compliance and all appropriate damages." (Id.)

Both parties agree that aside from these two letters mailed to Minnesota, American has never had any contact with this state. It does not maintain an office or any other facility in Minnesota, nor does it have any agents here. (Id.) Additionally, American does not have any interest in any property or accounts in Minnesota and is not licensed to do business in the state. (Id.) American does maintain a website, but it describes the site as "purely informational"; no business can be conducted via its site. (Id. ¶ 7.) American had no communication with Holtan in Minnesota prior to this case being filed except for the two above-referenced letters. (Id. ¶ 12.)

On July 9, 2010, before American had commenced any litigation on the matter, Holtan filed this declaratory-judgment action. American followed by filing the Michigan Action against Holtan in the Eastern District of Michigan on August 5, 2010.[1] American now asks the Court to dismiss this Action for lack of personal jurisdiction or, alternatively, to stay the action in light of the Michigan Action or transfer it to the Eastern District of Michigan. The Court will dismiss the case.

**STANDARD OF REVIEW**

A federal court lacks authority over a nonresident defendant unless the defendant is subject to personal jurisdiction.[2] Analyzing personal jurisdiction involves a two-step

---

[1] The Michigan Action is American Pie Pizza, Inc. v. Holtan Holdings, Inc., No. 10-cv-13106.

[2] The Court pauses to note at the outset that there are two types of personal jurisdiction: specific and general. Although the parties do not distinguish between the two, the only type at issue here

3

inquiry. First, has Minnesota's long-arm statute been satisfied? Second, would exercising jurisdiction comport with the Due Process Clause of the Fourteenth Amendment? E.g., Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 613 (8th Cir. 1998); Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co., 63 F.3d 694, 696–97 (8th Cir. 1995). These two inquiries collapse into one, however, because Minnesota's long-arm statute extends jurisdiction to the outer limits of the Due Process Clause. E.g., Guinness, 153 F.3d at 614; Soo Line R.R. Co. v. Hawker Siddeley Can., Inc., 950 F.2d 526, 528 (8th Cir. 1991) (citations omitted).

Due process requires that American have sufficient "minimum contacts with [Minnesota] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted); accord, e.g., Repub. of Argentina v. Weltover, Inc., 504 U.S. 607, 619–20 (1992); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291–92 (1980). "The central question" is whether a defendant "has purposefully availed itself of the privilege of conducting activities in [Minnesota] and should, therefore, reasonably anticipate being haled into court [here]." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). There are no "talismanic formulas to personal jurisdiction." Clune v. Alimak

---

is specific jurisdiction, the narrower of the two, which exists over causes of action that arise out of or are related to a defendant's contacts with the forum state. E.g., Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984)). General jurisdiction, in contrast, exists if a defendant has "continuous and systematic" contacts with the forum, which both parties concede is not the case here. Id. (internal quotation marks and citation omitted). Hence, the Court does not analyze general jurisdiction.

4

AB, 233 F.3d 538, 542 (8th Cir. 2000). Nevertheless, the Eighth Circuit has instructed district courts to consider five factors in answering this "central question": (1) the nature and quality of the defendant's contacts with the forum; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the forum state's interest in providing a forum for the plaintiff; and (5) the convenience of the parties. Pecoraro, 340 F.3d at 562 (citation omitted). The first three factors are of primary importance, while the last two factors are considered secondary. Id.

When a defendant challenges personal jurisdiction, the burden rests with the plaintiff to show that jurisdiction exists. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (citing Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992)). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima-facie showing of personal jurisdiction over the defendant. Digi-Tel Holdings, Inc. v. Protec Telecomms., Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

## ANALYSIS

To determine whether American has purposefully availed itself of the privilege of conducting activities in Minnesota and could reasonably anticipate being subject to a lawsuit here, the Court begins by considering the quantity of American's contacts with Minnesota. Pecoraro, 340 F.3d at 562 (citation omitted). The company has had no contacts with Minnesota aside from its two cease-and-desist letters sent to Holtan. It is not licensed to do business in Minnesota; it has no office, facility, telephone, agents, salesmen, or distributors here; it has no interest in any real estate, accounts, or property here; and it has never filed a lawsuit in any Minnesota court. (Def. Ex. D. ¶ 6.)

American's website is not interactive, and neither party suggests that any Minnesota resident ever viewed the website, much less initiated any contact with American because of the website. (Id. ¶ 7.) No evidence suggests that American has ever advertised in Minnesota or made any other contact with the state. Rather, it conducts business only in Michigan and, prior to sending Holtan two cease-and-desist letters, it had absolutely no contacts with Minnesota.

Since the letters are the only contacts between American and Minnesota identified by either party,[3] the Court turns to the nature and quality of these two contacts. "It is well-established that cease-and-desist letters alone are not sufficient to confer personal jurisdiction in declaratory judgment actions." Full Circle Int'l, Inc. v. Wettstein, No. Civ. 04-2710, 2005 WL 174836, at *3 (D. Minn. Jan. 26, 2005) (Montgomery, J.); accord, e.g., Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1202 (Fed. Cir. 2003); Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (Fed. Cir. 1998). Indeed, in cases involving cease-and-desist letters, the Federal Circuit has held that the "traditional notions of fair play and substantial justice" central to personal-jurisdiction analysis require that an intellectual property owner be able to inform others of its rights without subjecting itself to jurisdiction in a foreign forum. Red Wing, 148 F.3d at 1359–60.[4] Although such letters are purposefully directed at the forum, they do

---

[3] Holtan has conceded in its Motion papers and at oral argument that it is unaware of any contact American has had with Minnesota other than the two letters.

[4] Although the Federal Circuit cases announcing this rule concerned patent infringement rather than trademark infringement, their analysis applies with equal force. Cease-and-desist letters in

not constitute the sort of purposeful availment that subjects the sender to personal jurisdiction. Full Circle, 2005 WL 174836, at *3 (quoting Red Wing, 148 F.3d at 1360–61).

Holtan attempts to avoid this conclusion by arguing that American is subject to personal jurisdiction because it "initiated the cross-border conflict" between the parties. (Mem. in Opp'n 4.) But the way American initiated the conflict was by sending cease-and-desist letters, an action courts have specifically held does not subject the sender to personal jurisdiction, as previously outlined.[5] The nature and quality of American's contacts with Minnesota—two cease-and-desist letters, without more—simply do not give rise to personal jurisdiction. Since these letters were American's only contacts with Minnesota, the fact that the contacts were related to this action (the third factor identified by Pecoraro) does not alter the Court's result.

American lacks any legally sufficient minimum contacts with Minnesota as required by International Shoe. Thus, the Court need not address the remaining factors

---

the patent context serve the same function as in the trademark context, and their implications for personal-jurisdiction are thus identical.

[5] Holtan points to Media Technology Source, Inc. v. Cy Young Industries, Inc., No. 00-1470, 2001 WL 1631426 (D. Minn. Aug. 16, 2001) (Davis, J.), in support of its position that mailing a cease-and-desist letter into the forum can give rise to personal jurisdiction. Unlike the instant case, however, the defendant in Media Technology had more contacts with Minnesota than its cease-and-desist letter. See id. at *3 (noting that defendant had engaged in marketing and sold products in the forum). Thus, it does not alter the conclusion that personal jurisdiction is lacking where cease-and-desist letters are the only contacts between the defendant and the forum.

laid out in Pecoraro.  See 340 F.3d at 562.  Holtan has failed to show that personal jurisdiction exists over American in this case.[6]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that American's Motion to Dismiss (Doc. No. 7) is **GRANTED**, and Holtan's Complaint (Doc. No 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 21, 2010                         s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge

---

[6] The Court notes that even though it lacks personal jurisdiction over American, it could transfer this action to another district in which it could have been brought if justice so requires.  See 28 U.S.C. § 1406(a).  However, in view of the Court's resolution of American's Motion to Dismiss, it is not necessary to reach its alternative transfer-of-venue arguments.